*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
1101 CRNB, LLC,                     :
                                    :      Civil Action No. 10-2811 (FLW)
                Plaintiff,         :
                                    :
     vs.                            :
                                    :
                                    :      **OPINION**
FEED THE CHILDREN, INC,             :
                                    :
                Defendant.         :
_____:

**WOLFSON, United States District Judge:**

      Plaintiff 1101 CRNB, LLC's ("Plaintiff") initiated the instant action alleging that Defendant Feed the Children, Inc. ("Defendant"), obstructed Plaintiff from using an alleged easement, located over a shared common parking area, to access the truck loading docks of Plaintiff's warehouse. As relief, Plaintiff seeks, inter alia, an injunction requiring Defendant to remove a fence currently separating the parking area. In that connection, Plaintiff asserts that it is entitled to an implied easement, an easement by acquiescence and/or an easement by estoppel. In the present matter, Defendant moves to dismiss the Complaint on the grounds that Plaintiff fails to state a claim and that New Jersey does not recognize easements by acquiescence or estoppel. For the reasons that follow, Defendant's motion is granted in part and denied in part; Counts II and III of the Complaint are dismissed.

**I.    Factual and Procedural History**

      For the purpose of this Opinion, all facts alleged in the Complaint are assumed to be true. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). Plaintiff is a New Jersey Limited

1

Liability Company and owns real property located at 1101 Corporate Road, North Brunswick, New Jersey ("CRNB Property"). Compl., ¶ 1. Defendant is an Oklahoma not-for-profit corporation and owns real property located at 1111 Corporate Road, North Brunswick, New Jersey ("FTC Property"). Compl., ¶ 3. The two properties are adjacent to each other, and were once parts of the same larger tract of land that was subdivided in 1971 by then owner Pensud Realty Co., Inc. ("Pensud Realty"). Compl., ¶ 6. In 1986, both properties were transferred by Pensud Realty to Peusud Company Limited Partnership ("Pensud LP"). Compl. ¶ 7-8. In 1996, Pensud LP sold the CRNB Property to Plaintiff, the current owner, Compl., ¶ 12, and sold the FTC Property to 1111 CR Associates, LLC, who in 2000, sold it to Defendant, the current owner. Compl. ¶ 12, 14.

Both the FTC Property and CRNB Property contain warehouses that were constructed in 1971, and have been continually operated since that time. Compl., ¶ 17. The warehouses and loading docks of both properties were constructed in such a way that they faced one another, with a common parking area separating the two docks. Compl., ¶ 18. A portion of the parking area is a part of the FTC Property, with the rest belonging to the CRNB Property. Id. According to Plaintiff, the common parking area was used by tractor trailers to access the loading docks of both warehouses, and has been used that way since the properties were under common ownership. In fact, that area was being used for that purpose before a dispute arose between the parties. Compl., ¶ 19-26. Plaintiff further alleges that at all times, this use of the common parking area was known and allowed by owners of both properties, past and present. Id.

In 2009, a dispute arose between Plaintiff and Defendant over the maintenance of the parking area, and thereafter, Defendant erected a fence across the border of the two properties, effectively dividing the parking area. Compl., ¶ 27-28. The presence of this fence, Plaintiff asserts, makes it

difficult for tractor trailers to access the loading locks on the CRNB Property, and is jeopardizing the continuation of the lease for the property between Plaintiff and its current lessee, Church & Dwight.  Compl., ¶ 30.

Plaintiff filed the instant action in the Superior Court of New Jersey on March 25, 2010, seeking, among other things, an injunction requiring Defendant to remove the fence and enjoining it from interfering with the use and enjoyment of the parking area by Plaintiff and its leasees and assignees.  In that regard, Plaintiff bases this right upon the fact that it is entitled to an easement for purposes of ingress and egress.  Defendant removed the action to this Court on June 2, 2010, asserting diversity jurisdiction.  Subsequently, Defendant filed the instant motion on June 22, 2010.

**II.     Standard of Review**

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips, 515 F.3d at 233 (citation and quotations omitted).  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard.  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46).  Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as

true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 555 U.S. at 555).

In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court recently explained the principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1949. Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). Moreover, in deciding a motion to dismiss, the court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of plaintiff's claim. Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir.2004).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, No. 09-4468, 2010 WL 4840093, at *8 (3d Cir. Nov. 29, 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of

4

rigor in all civil actions." Id. at *7 (quoting Ashcroft, 129 S.Ct. at 1953).

### III. Discussion

#### A. Implied Easement

Plaintiff asserts in Count I of the Complaint that an implied easement exists between the two properties. Under New Jersey law,[1] "[i]mplied easements are generally of two types, easements by necessity and quasi-easements." T-Red Properties, Inc. v. Bautista, 2006 WL 1519575, at *7 (N.J. Super. Ct. Ch. Div. Jun. 2, 2006) (citing Leach v. Anderl, 218 N.J. Super. 18, 25 (App. Div. 1987)). While the Complaint does not specify which of the two types Plaintiff is asserting, gleaning from the Complaint, the Court discerns, and the parties' papers do not indicate otherwise, that Plaintiff is seeking a quasi-easement. "[Quasi-easement] arises as the result of the apparent use by the common owner at the time of the conveyance of a portion of the property usually denominated 'quasi-servient tenement.' The 'quasi-dominant tenement,' the remaining portion of the premises in the hands of the grantor, may have the benefit of this easement if the grantor can establish certain well-recognized requirements." Adams v. Cale, 48 N.J. Super. 119, 128 (App. Div. 1958). "[A] quasi-easement is founded on the following elements: the apparent use of the quasi-servient portion of the estate for the quasi-dominant portion, the continuous nature of the use, the permanent character of the quasi-easement, and its reasonable necessity to the beneficial enjoyment of the dominant portion." Id.; Leach, 218 N.J. Super. at 26. "In order to establish a quasi-easement, Plaintiff must first demonstrate unity of title." Bautista, 2006 WL 1519575 at *8 (citing Poulos v.

---

[1] The Court notes that both parties appear to be in agreement that New Jersey law should govern the instant matter. The Court further notes that Plaintiff does not challenge the jurisdiction of this Court; in that, diversity of citizenship exists and that the amount in controversy as required by 28 U.S.C. § 1332(b) has been met.

Dover Boiler & Plate Fabricators, 5 N.J. 580, 587 (1950)).  In sum, in order for Plaintiff to establish the existence of a quasi-easement, it must satisfy the following five elements: 1) unity of title; 2) apparent use; 3) continuous nature of the use; 4) permanent character of the quasi-easement; and 5) reasonable necessity.  Furthermore, Plaintiff must show that all elements exist at the time of the severance of title.  Cale v. Wanamaker, 121 N.J. Super. 142, 146 (Ch. Div. 1972).  "In the case of a quasi-easement, the question of the easement's existence is fact-specific."  Bautista, 2006 WL 1519575 at *7 (citing Leach, 218 N.J. Super. at 18).

Defendant argues that Plaintiff has not alleged sufficient facts to establish all the elements of a quasi-easement.  The Court disagrees.  First, Plaintiff alleges, and the parties do not dispute, that the FTC and CRNB properties were subdivided from a larger tract of land in 1971, and held by the same owner until 1996.  See Compl., ¶¶ 17, 18-21.  These allegations satisfy the first element of a quasi-easement – unity of title.  With respect to the element of apparent use, Plaintiff alleges that the common parking area has been in use by tractor trailers to access both parties' warehouses since those warehouses were constructed in 1971, until 2009 when Defendant erected a fence which divided the parking area.  Additionally, Plaintiff alleges that this use has been known and allowed by past and current owners of both properties – including Defendant before the erection of the fence.  Accordingly, Plaintiff has sufficiently alleged the apparent and well-known nature of this use.[2]  See

---

2

Defendant maintains throughout its brief and reply brief that it was unaware and had no knowledge that Plaintiff was using the FTC property for ingress and egress purposes.  In addition, Defendant argues that "to the extent that plaintiff used any portion of the parking/shipping and receiving area of the FTC Property during FTC's ownership, is of no moment because, under New Jersey law, a property owner who [lets] another use a portion of its property, at best, creates a license that owner has the legal right to revoke at any time."  Defendant's Reply Brief, at *5.  Defendant misconstrues the applicable law.  A quasi-easement does not require knowledge by the current owner; instead, a quasi-easement rests upon the theory that the use was so apparent and permanent

Compl., ¶¶ 23-26.

Nevertheless, Defendant argues that Plaintiff's failure to allege any visible characteristics that would allow a prudent and diligent purchaser to discover such use is fatal to its claim. Pilar, 38 N.J. Super. at 498 ("There must . . . be some visible characteristic of the property which would upon prudent and diligent inspection indicate the probable existence of the easement"). The Court is unpersuaded by this argument. Rather, the Court finds that Plaintiff's description of the subject properties, and its allegations of shared use of these properties, raise a reasonable inference that, due to their physical proximity the two properties likely shared a common area. Indeed, Plaintiff alleges that Defendant in fact knew that its property was being used by Plaintiff to access its loading docks. See Compl., ¶¶ 19, 21. Therefore, the Court finds that Plaintiff has sufficiently pled the apparent use of an implied easement. Likewise, because the use is alleged to have been continuous from 1971 to 2009, the Court is also satisfied that the third element has been sufficiently alleged.

Next, with respect to the permanent nature of the easement, Plaintiff alleges that the implied easement has existed over the portion of the adjoining parking lot that is owned by FTC and that this portion of the FTC Property has been continuously used by the owner of the dominant tenement since 1971 to provide access to the loading docks at the CRNB Property. See Compl. ¶¶ 6, 16, 18-26. Plaintiff further alleges that such use was visible to FTC and known by it because the use was ongoing since 1971 and has continued during the entire tenure of FTC's ownership of the FTC Property. Indeed, there are sufficient allegations for the Court to reasonably infer that the alleged

---

at the time of the severance that it is implied that such use was part of the conveyances after severance. Knowledge by the current owner is an element required in easement by prescription, which is akin to adverse possession. A.J. & J.O. Pilar, Inc. v. Lister Corp, 38 N.J. Super. 488, 494 (App. Div. 1956).

common area may have been specifically, and intentionally, designed by the original owner to be shared among the properties. These allegations, when read as a whole, suggest that the use was "so obvious or manifest as to show that it was meant to be permanent." Pilar, Inc. v. Lister Corp., 38 N.J. Super. 488, 497-98 (App. Div. 1956)(quotations and citations omitted). As such, Plaintiff has sufficiently alleged the permanent nature of the easement.

  Finally, Plaintiff claims that the easement is reasonably necessary for the use and enjoyment of the CRNB Property. As alleged, because the dimensions of the parking area and the loading docks have not changed since the erection of both warehouses, the presence of a dividing fence has significantly reduced the area Plaintiff can use for ingress and egress of trucks. In that respect, Plaintiff alleges that Defendant has interfered with its reasonable use and enjoyment of the CRNB Property. In fact, Plaintiff alleges that the construction of the fence has threatened the continued viability of a lease between Plaintiff and Church & Dwight, suggesting that the interference has made the use of the warehouse undesirable. See Compl., ¶ 17-19, 29-30. Thus, the Court finds that there are sufficient allegations to support the assertion that the use of the common area is reasonably necessary for the enjoyment of the CRNB Property. Furthermore, contrary to Defendant's position, Plaintiff need not assert that it does not have other ways of accessing its loading docks; rather, at this juncture, Plaintiff need only plead that the existence of the easement is reasonablely necessary. Leach, 218 N.J. Super. at 26 ("There is an important distinction between the necessity elements of quasi-easement and easement by necessity in that '[w]hat is intended [with a quasi-easement] is nothing greater than a reasonable necessity, and not the absolute necessity required in establishing an easement of necessity.'") (quoting Adams, 48 N.J. Super. at 130). Therefore, the Court finds that the fifth element of a quasi-easement has been sufficiently alleged.

Accordingly, the Court finds that Plaintiff has sufficiently pled all the elements of an implied quasi-easement; Defendant's motion to dismiss as to Count I of the Complaint is denied.

### B. Easement by Acquiescence

In Count II of the Complaint, Plaintiff asserts that an easement exists between the two properties by Defendant's acquiescence. Plaintiff relies on the dissenting opinion in Mahony v. Danis, 95, N.J. 50 (1983), to support its position that New Jersey recognizes easement by estoppel and acquiescence – without distinguishing between the two.[3] Defendant counters that the latter cause of action does not exist in New Jersey.

First, while Mahony addressed the issue of easement by estoppel, 95 N.J. at 59, neither the concurring nor the dissenting opinion discussed the issue of easement by acquiescence. Similarly, as Defendant submits, this Court has found no case in New Jersey that has recognized an easement by acquiescence. In fact, no jurisdictions have recognized an easement of this type, although many

---

[3] Mahony involved a dispute between principals of a realty corporation that acquired property, secured a municipal zoning variance and erected and operated an office building. In conjunction therewith, a portion of the defendants' adjoining property was used for parking necessary for the office building use. This use of defendants' property was expressly made known to the local Board of Adjustment. The use was continued for approximately ten years. The defendants thereafter refused to acknowledge that a portion of their property had been committed to the office building parking use. The trial court determined that defendants' property was dedicated to parking incidental to the operations of the adjoining office building and the property was continuously used for that purpose. Mahony, 95 N.J. at 51. In that regard, the trial court based its judgment on the doctrine of easement by estoppel. Id. The Appellate Division affirmed this judgment without opinion. Id. The Supreme Court denied certification without opinion, but concurring and dissenting opinions were filed along with the order. Id. at 50. The concurring opinion, written by Justice Handler, reasoned why certification was not necessary. Importantly, Justice Handler agreed with the trial court's determination that the application of an easement by estoppel was the proper outcome, albeit the New Jersey Supreme Court had not recognized such a doctrine. Id. at 52. On the other hand, the dissenting opinion, written by Justice Schreiber, commented that certification should have been granted to resolve any uncertainties pertaining to the doctrine of easement by estoppel. Id. at 63-64.

jurisdictions have recognized the doctrine of acquiescence to resolve border disputes; but that doctrine is not applicable here. See, e.g., Hobbs v. Lovelady, 611 S.E.2d 661, 663 (Ga. Ct. App. 2005) ("Hobbs's argument that she acquired an easement by acquiescence is also without merit. Acquiescence for seven years by acts of adjoining landowners shall establish a dividing line, not an easement (see OCGA § 44-4-6), and we decline to expand this rule to the facts of this case").

It appears that Plaintiff is asserting that it is entitled to an easement because of Defendant's acquiescence in Plaintiff's continued use of the parking area. While New Jersey does not explicitly recognize an easement by acquiescence, acquiescence is an element of easement by prescription. See Mahony, 95 N.J. at 57 (1983) ("Whatever the use, it occurred at most over a 15-year period, so that even if her permission or acquiescence existed, the 20-year prescriptive period within which an easement might be acquired had not elapsed"); Kruvant v. 12-22 Woodland Ave. Corp., 138 N.J. Super. 1, 12 (Law Div. 1975) ("The foundation of the establishment of a right by prescription is the acquiescence on the part of the owner of the servient tenement in the acts which are relied upon to establish the easement by prescription") (citation and quotations omitted); Hazek v. Green, 51 N.J. Super. 545, 554 (App. Div. 1958) ("When the party claiming [an easement by prescription] shows open, continuous, uninterrupted, exclusive use for the prescriptive period with the acquiescence of the owner of the servient estate, the initial burden of proof has been satisfied, and a presumption arises that the use was adverse"). As such, to the extent that Plaintiff's cause of action can be construed as one of prescriptive easement, Plaintiff nonetheless fails to satisfy the elements required.

"Easement by prescription arise when elements similar to those of adverse possession are shown to have existed for a 20-year period." Wiggins v. Dorsey, No. A-6446-08T1, 2010 N.J. Super. Unpub. LEXIS 1647, at *6 (N.J. Super. Ct. App. Div. Jul. 19, 2010); see also Mahony, 95

N.J. at 57. "[I]t is necessary that the plaintiffs prove that their use was adverse or hostile. A user is adverse if done under a claim of right, pursued with an intent to claim against the true owner in such circumstances of notoriety that the owner will be aware of the fact and thus alerted to resist the acquisition of the right by claimant before the period of adverse possession has elapsed." Wiggins, 2010 N.J. Super. Unpub. LEXIS 1647 at *6 (quoting Baker v. Normanock Ass'n, Inc., 25 N.J. 407, 419 (1957)).

In this case, Plaintiff has not met the 20-year period required for prescriptive easement. The properties were owned by a common owner until 1996, therefore an adverse or hostile use cannot have existed until after such time. Hence, even if Plaintiff's use was adverse or hostile from the moment it acquired the CRNB Property, such use would have only been for a period of 14 years. This is insufficient to satisfy the requirements of prescriptive easement. Thus, Count II of the Complaint is dismissed.

### C. Easement by Estoppel

Finally, Plaintiff alleges in Count III of the Complaint that an easement by estoppel exists as a result of Defendant's willful, malicious, and reckless conduct. In response, Defendant again argues that such cause of action does not exist in New Jersey. The Court disagrees.

To begin, while the New Jersey Supreme Court has not recognized an easement by estoppel, lower courts have found that a personal easement[4] can be created under the principle of equitable estoppel. Adelo, 2010 WL 1189644 at *3 (upholding the lower court's decision to create a personal

---

[4] Personal easement is an easement that exists between the owners, and is not considered a right attached to the properties; i.e. if ownership of either property changes, the easement is extinguished. See 1952 Union Valley Road, LLC v. Adelo Corp., 2010 WL 1189644, at *2 (N.J. Super. Ct. App. Div. Mar. 30, 2010).

easement by equitable estoppel, stating "[b]ased upon these findings . . . the proofs are ample to support the recognition of an easement by estoppel"); SDLL Associates, LLC v. Million, 2006 WL 734474, at *6 (N.J. Super. Ct. App. Div. Mar. 24, 2006) ("We are also in accord with the trial court's conclusion that assuming easement by estoppel is a cause of action in New Jersey, plaintiff has failed to set forth sufficient facts to support such a claim"); Eileen T. Quigley, Inc. v. Miller Family Farms, Inc., 266 N.J. Super 283, 295 (App. Div. 1993) (upholding the trial court's use of equitable estoppel principles to create a personal easement, and holding that equitable relief does not run counter to the Statute of Frauds; however, reversed the trial court based upon an incorrect use of the applicable evidentiary standard, stating "[t]hus, in creating and addressing the estoppel issue (it was not raised by either party below) the trial judge should have employed the clear and convincing evidential standard in making his findings. There is no indication in the opinion that this was done").

For its contention that easement by estoppel is not recognized by the State, Defendant cites to the dissenting opinion in Mahony by Justice Schreiber. The dissent stated that "[c]ounsel for both parties have been unable to produce a reported New Jersey decision of this Court or the Court of Errors and Appeals in which an easement was established by estoppel. Nor have I uncovered such a case." Mahony, 95 N.J. at 59 (Schreiber, J., dissenting). But this language does not support the assertion that New Jersey courts would not recognize this cause of action; it merely shows that the New Jersey Supreme Court had not recognized easement by estoppel when Mahony was decided in 1983. Indeed, Mahony was an order denying certification, thus, the merits of the case were not reached; it was precisely Justice Schreiber's point of contention in his dissent that certification should have been granted in order to properly address the issue of easement by estoppel. Id. at 63. In fact, the concurring opinion by Justice Handler suggested that the cause of action – rooted in

12

equity – should exist in New Jersey.  He stated:

> The trial court also characterized its judgment in favor of plaintiffs as involving the doctrine of "easement by estoppel."  Our courts previously may not have considered or applied a legal doctrine so identified or denominated.  Nevertheless, it seems clear that general equitable considerations dominated the trial court's determination of the controversy.  There is little doubt that the trial court reached its ultimate conclusion in this case by applying traditional, well-understood principles of equity.  It is not remarkable that such equitable principles were applied to resolve a controversy involving interests in real property.  In assessing the significance of a case for appellate purposes, this Court need not be bound by the labels, or even the rationale, utilized by the court below.  Here, the trial court's characterization of its conclusion in terms of a novel legal doctrine does not transmute the case into one of "general public importance" demanding further exposition by this Court.

Id. at 52 (Handler, J., concurring).  As the cases cited above show, New Jersey's lower courts have recognized the creation of easements by equitable estoppel after Mahoney, and these decisions have not been overruled by the Supreme Court of New Jersey.  In this Court's view, having surveyed the decisions from the State's highest court and lower courts, the New Jersey Supreme Court would likely recognize this type of easement.  However, the Court need not make a formal prediction here because Plaintiff nevertheless fails to plead the elements of an easement by estoppel.

Easement by estoppel, like all estoppel cases, must satisfy the elements of equitable estoppel. Quigley, 266 N.J. Super. at 295.  "Equitable estoppel requires proof of misrepresentation of material facts, or concealment thereof, known to the party sought to be estopped and unknown to the party claiming estoppel, done with the intention or expectation that it will be acted upon by the other party and upon which the other party reasonably and justifiably relies, to its detriment."  Id. at 296; Million, 2006 WL 734474 at *7.

In this case, Plaintiff does not allege that Defendant made a representation of any kind to Plaintiff, let alone a knowing misrepresentation with the intent to mislead.  Moreover, Plaintiff does

13

not allege it has relied on any representation by Defendant, or that reliance, reasonable or otherwise, led to its detriment. Mere acquiescence does not amount to an affirmative misrepresentation. Boyle v. Yocavitch, 251 N.J. Super. 24, 31-32 (Ch. Div. 1991). Accordingly, Count III of the Complaint is dismissed.

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion is **GRANTED** in part and **DENIED** in part, and Counts II and III of the Complaint are **DISMISSED**. An appropriate Order shall follow.

      /s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: January 13, 2011